

# The Attorney General of Texas

September 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Fred Toler
Executive Director
Texas Commission on Law
Enforcement Officer Stds. & Educ.
220-E Twin Towers Office Building
1106 Clayton Lane
Austin, Texas 78723

Opinion No. MW-233

Re: Scope of article 4413(29aa) exception for sheriffs

Dear Mr. Toler:

Attorney General Opinion MW-111 (1979) concerned the question of whether an appointee who fills a vacancy in the office of sheriff commits a crime if he accepts the appointment without first satisfying certain training requirements at a school approved or operated by the Commission on Law Enforcement Standards and Education. The opinion concluded that the appointee would be guilty of no crime because article 4413(29aa), V.T.C.S., "does not apply to persons occupying the elective office of sheriff." You ask if appointed sheriffs are nevertheless subject, in part, to the strictures of subsection 6(e) of article 4413(29aa).

The statute at issue, article 4413(29aa), establishes the Commission on Law Enforcement Officer Standards and Education, describes its duties, and empowers it, among other things, to certify persons as being qualified to be peace officers. See Attorney General Opinion H-1286 (1978). Section 6(e) thereof reads:

> Any person who accepts appointment as a peace officer, or any person who appoints or retains an individual as a peace officer, in violation of Subsections (b) or (c) of this section [certification requirements for peace officers] or in violation of Section 7A of this Act [certification requirements for jailers and guards] shall be guilty of a misdemeanor. . . .

As we noted in Attorney General Opinion MW-111, section 6(f) of article 4413(29aa) expressly declares that nothing in the act should be construed to prevent an employing agency from establishing higher standards than those established by the Commission, and continues:

> . . .nor shall anything herein be construed to affect any sheriff, constable or other law enforcement officer elected under the provisions of the Constitution of the State of Texas.

This language was accorded its plain meaning in Attorney General Opinion H-167 (1973), which concerned the authority of county attorneys and their assistants to carry pistols in the discharge of various duties. County attorneys, like sheriffs, occupy elective offices under our Constitution. After noting that county attorneys and their assistants in certain circumstances can be classified as peace officers, but that section 6(e) of article 4413(29aa) penalizes the appointment of a person as a peace officer or his acceptance of the appointment, unless the appointee meets the qualifications established by the Commission, Attorney General Opinion H-167 concluded, "These provisions would apply to assistant county attorneys but not to county attorneys who are exempt under §6(f) of the Act."

Thus, section 6(e) of article 4413(29aa) reaches deputy sheriffs, who are to be prosecuted if they accept positions for which they have not qualified under the statute. It does not reach persons occupying the office of sheriff, whether elected or appointed. They are immune from prosecution under the statute for appointing or retaining such deputies. See Attorney General Opinions H-1002 (1977); M-1267 (1972); M-1026 (1971). Appointed sheriffs are also immune from prosecution under that provision for having accepted appointment as sheriff. Attorney General Opinion MW-111 (1979).

## SUMMARY

Section 6(e) of article 4413(29aa), V.T.C.S., which penalizes the appointment of peace officers not certified by the Commission on Law Enforcement Officer Standards and Education, or the acceptance of such an appointment, does not reach sheriffs but does reach deputy sheriffs.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Charles Campbell
Susan Garrison
Rick Gilpin
Bruce Youngblood